CHIASSON, Judge.
These cases arise from an automobile accident that occurred on May 25, 1975. Sam Laurent was the driver of one vehicle and his guest passenger was Joseph Cousin. Michael D. Page was the driver of the other vehicle and his passenger was Shedrick J. Keys. Sam Laurent died as a result of the accident and Joseph Cousin was injured.
The only question before the trial court was whether or not Travelers Insurance Company afforded coverage. The liability issue was stipulated by the parties and the damages were limited to the policy limits of a Fireman’s Fund American Insurance Company policy insuring Michael Page and, if applicable, the Travelers’ Insurance Company policy insuring Mrs. Shedrick Keys. The question of coverage under the Travelers’ policy arises from the following facts: Shedrick Keys and Janice Batiste were cohabiting and during that time an automobile was purchased in the name of Shedrick Keys. Janice Batiste purchased liability insurance on the automobile and a Travelers’ policy was issued in the name of “Mrs. Sheddrick J. Keys.” Shortly thereafter the accident of May 25,1975 occurred. Michael Page was driving Shedrick Keys’ automobile at the time of the accident and She-drick Keys was a passenger therein.
In its Reasons for Judgment the trial court held:
“ . . . Janice Batiste and Mr. Keys were never married and in fact Mrs. Batiste was separated from her husband at the time that she was living with Mr. Keys. At the time that she applied for the liability insurance she gave the impression to the insurance agent that she was married to Mr. Keys. He wrote the policy on the basis that she would be driving the car and that no one else would be driving the automobile. The agent testified that he did not know of Mr. Keys. The court finds from the evidence there was such a material misrepresentation on the part of Mrs. Batiste that the insurance policy issued by Travelers Insurance Company is null and void and therefore has no coverage on the Keys vehicle or his driver.”
All claims against Travelers Insurance Company were dismissed and this devolu-tive appeal by plaintiffs followed.
*877 The testimony of the selling agent for Travelers and the application for insurance supports the trial court’s conclusions and we find no manifest error therein.
Plaintiffs-appellants contend there was no specific finding by the trial court of an intent to deceive on the part of the applicant for insurance. While this is true, the trial judge had before him testimony that the insurance company was insuring a separated female who would be the sole driver of the automobile and, accordingly, applied the lower premium rate; that Travelers would not have issued the policy for the premiums charged if it had been aware that a young male driver, nineteen (19) years of age, would be driving the automobile; and that a copy of the application was mailed to Janice Batiste and no action was taken by her to correct or change anything contained therein. There are enough facts of record from which the trial court could have concluded that there was an intent to deceive, as he apparently did by holding the contract null and void.
So finding, there is no necessity for us to discuss whether or not, under the particular facts of this case, Janice E. Batiste had an “insurable interest.”
The judgment of the trial court is therefore affirmed at appellants’ cost.
AFFIRMED.